# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MORGAN HANUSOWSKI**                                                                 **PLAINTIFF**
**#556211**

v.                          No: 3:20-cv-00254 DPM-PSH

**KARA BLACK**                                                                          **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Morgan Hanusowski, an inmate at the Craighead County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2). In it, Hanusowski alleges that she was exposed to an inmate who may have been exposed to the COVID-19 virus. She does not specify what relief she seeks. The undersigned

recommends that Hanusowski's complaint be dismissed because it is fails to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived her of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983.  Hanusowski alleges that Nurse Kara Black tested inmates at the Craighead County Detention Facility for the Covid-19 virus on August 20, 2020. Doc. No. 2 at 4.  She claims that a group of 12 inmates had inconclusive, possibly positive Covid-19 results, and that one of those inmates was mistakenly moved into her unit with inmates whose Covid-19 test results were negative.  She states that the mistake was discovered, and the possible-positive inmate was then replaced with a negative inmate who had been housed with the possible-positive inmates.  The Court construes Hanusowski's complaint as attempting to state an Eighth Amendment deliberate-indifference claim.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) she had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Hanusowski does not describe facts sufficient to state a deliberate-indifference claim with respect to Nurse Black. She alleges that Black tested the inmates, and that one inmate with inconclusive results was mistakenly housed with her and other inmates who had tested negative. She does not allege that Black was personally responsible for this mistake or that she intentionally placed a possible positive inmate with negative inmates. However, even if Black were responsible for the mistake, mere negligence does not amount to a constitutional violation. Additionally, Hanusowski does not allege that she has suffered any injury as a result of being housed with an inmate who was possibly positive for the Covid-19 virus. Specifically, she does not allege that she contracted the Covid-19 virus as a result of this mistake or that she suffered any Covid-19 symptoms.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Hanusowski's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 8th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE